IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HELSON PABON GONZALEZ,

                            Plaintiff,

v.

PRC, D. GARDNER, C. MORRISON, and T. CLARK,

                            Defendants.

OPINION & ORDER

18-cv-160-jdp

---

Plaintiff Helson Pabon Gonzalez, appearing pro se, is a prisoner at the Wisconsin Secure Program Facility. In this case, one of a series of lawsuits he has recently filed, he alleges that he did not receive due process in Program Review Committee hearings. Pabon Gonzalez has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Pabon Gonzalez's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must read Pabon Gonzalez's pro se complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

Pabon Gonzalez's allegations are difficult to understand. I take him to be saying that he failed to receive due process in at least Program Review Committee hearing, and that he does not believe that he should be housed in maximum security. Prisoners may rarely bring constitutional claims about prison assignments, but they do have limited due process rights when facing confinement in segregation: they are "entitled to informal, nonadversarial due process." *Westefer v. Neal*, 682 F.3d 679, 684 (7th Cir. 2012) (citing *Wilkinson v. Austin*, 545 U.S. 209, 211–12 (2005); *Hewitt v. Helms*, 459 U.S. 460, 476 (1983)). This requires some

notice of the reasons for the inmate's placement, time to prepare for the administrative review, and an opportunity to present the inmate's views to a neutral decisionmaker. *Westefer*, 682 F.3d at 684–85.

Pabon Gonzalez's allegations are not clear enough to tell why he thinks that each of the individuals named as defendants violated his rights, or whether he was actually in segregation at WSPF—that facility houses some inmates in segregation but others in general population. I cannot tell whether he is complaining about his initial placement at WSPF or subsequent reviews of his confinement. Attached to his complaint are more than 170 pages of documents, many from his Program Review Committee hearings. But I cannot sift through these documents, many of which are in Spanish, to tell what his claims really are. So I will dismiss his complaint for violating Federal Rule of Civil Procedure 8(a)(2) ("complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief.").

But I will give Pabon Gonzalez an opportunity to amend his complaint. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. He should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) who committed those acts; and (4) what relief he wants the court to provide. Specifically, he should explain what each of the named defendants did to violate his rights, what role they played in each particular PRC decision he challenges, and when those events occurred. He should also explain the outcome for each hearing he challenges—whether he was placed into segregation from another status, maintained in segregation, or the committee made some other decision. From Pabon Gonzalez's other cases in this court, I understand that English is not his first language, but he communicates well enough that he should be able to explain the events that he believes harmed him. If Pabon Gonzalez fails to submit an amended

complaint by the deadline set below, I will dismiss the complaint for failure to state a claim upon which relief may be granted and I will assess him a "strike" under 28 U.S.C. § 1915(g).

Pabon Gonzalez has also filed a motion in which he contends that he is being denied access to this court, and he seeks an extension of his legal loan. Dkt. 7. But as I have stated in other recent cases that Pabon Gonzalez has brought, he has been able to file many documents among his several cases, so there is no reason to think that he has been restricted from accessing this court. I will deny his motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Helson Pabon Gonzalez's complaint is DISMISSED under Federal Rule of Civil Rule of Procedure 8.

2. Plaintiff may have until September 19, 2018, to submit an amended complaint that complies with Rule 8.

3. Plaintiff's motion regarding access to the courts, Dkt. 7, is DENIED.

Entered August 30, 2018.

BY THE COURT:
/s/
_____
JAMES D. PETERSON
District Judge